**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERICA A. SERINE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|   v. | : | |
| | : | |
| MARSHALL, DENNEHEY, WARNER, | : | |
| COLEMAN & GOGGIN, and | : | |
| CHRISTOPHER E. DOUGHERTY, ESQ., | : | |
|     Defendants. | : | No. 14-4868 |
| | : | |

**MEMORANDUM**

Schiller, J.                                                        August 5, 2015

       Erica Serine sued her former employer, alleging a failure to reasonably accommodate her disability in violation of the Americans with Disabilities Act ("ADA") (Count I) and the Pennsylvania Human Rights Act ("PHRA") (Count II), unlawful termination in violation of the ADA (Count III) and the PHRA (Count IV), and intentional infliction of emotional distress (Count V). Defendants previously moved to dismiss all counts. This Court dismissed only Count V, which was brought against both Defendants. The remaining counts are only against Defendant law firm Marshall, Dennehey, Warner, Coleman & Goggin ("Marshall Dennehey").

       Marshall Dennehey now moves to compel arbitration, pursuant to an arbitration clause in Serine's employment contract. Serine opposes the motion and argues that Marshall Dennehey has waived its right to compel, in large part due to its active participation in this case so far. For the following reasons, the Court grants the motion to compel arbitration and stays proceedings in this case.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The facts of the case, stated briefly below, are set out in detail in this Court's previous opinion, *Serine v. Marshall, Dennehey, Warner, Coleman & Goggin* (*Serine I*), 2015 WL 803108 (E.D. Pa. Feb. 25, 2015). Serine is an attorney licensed in Pennsylvania. (Compl. ¶ 1.) From July 2010 to January 2013, she was an employee of Marshall Dennehey. (*Id*. ¶¶ 19, 107.) Serine transferred, at her own request, to Marshall Dennehey's Philadelphia office in the fall of 2012. (*Id*. ¶¶ 39-44.) She subsequently developed symptoms of a debilitating mental condition, which she terms claustrophobia—in part triggered by heights and elevators—such that she was unable to work at her assigned office on the twenty-fourth floor. (*Id*. ¶¶ 46-48.) Serine asked to move to one of Marshall Dennehey's several other locations, with an office on a lower floor, but her request was denied. (*Id*. ¶¶ 71-79.) She and Marshall Dennehey engaged in some negotiation about her condition and working arrangements over the course of several months, while Serine largely worked from her own home. (*Id*. ¶¶ 61-80.) Eventually, Marshall Dennehey fired Serine, giving rise to the claims in this lawsuit. (*Id*. ¶¶ 93-106.)

Serine filed her Complaint on August 15, 2014. Marshall Dennehey responded with a Motion to Dismiss on October 14, 2014. This Court decided that motion on February 25, 2015, dismissing Count V and thereby dismissing individual Defendant Christopher Dougherty. *Serine I*, 2015 WL 803108. Marshall Dennehey then contacted Serine's attorney to discuss the arbitration clause within days of this Court's decision. (Reply Br. of Def. Marshall Dennehey Warner Coleman & Goggin in Supp. of Its Mot. to Compel [Reply Br.] at 3-4; Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Compel Arbitration [Pl.'s Mem.], Cert. of Ellen McDowell, Esq. [McDowell Cert.] ¶¶ 8-9.) Plaintiff's counsel responded to request a copy of the arbitration agreement, which Marshall Dennehey sent. (Reply Br. at 4; McDowell Cert. ¶ 9.) Marshall

2

Dennehey apparently followed up via email every few weeks to ask about arbitration, but did not receive a reply. (Reply Br. at 4.) Serine does not contest this claim. Serine changed counsel during that time, but her new counsel likewise did not reply to repeated inquiries about arbitration. (*Id.* at 4-5; McDowell Cert. ¶ 9.) Marshall Dennehey filed the instant motion to compel arbitration on May 29, 2015.

## II.    LEGAL STANDARD

Generally, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or any allegation of waiver, delay, or a like defense to arbitrability." *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)). The Court will only find that a party has waived its right to arbitrate "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Id.* (quotation omitted).

The touchstone for the Court to find waiver is prejudice to the party opposing the arbitration. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 222-23 (3d Cir. 2007). The Third Circuit has outlined six nonexclusive factors for the Court to consider in determining whether such prejudice exists in *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992):

> [1] the timeliness or lack thereof of a motion to arbitrate . . . [; 2] the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the court's pretrial orders; and [6] the extent to which both parties have engaged in discovery.

*Id.* at 926-27. The inquiry is holistic and context-dependent, encompassing both substantive prejudice and prejudice resulting from procedural delay or expense prior to the invocation of the right to arbitrate. *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 209 (3d Cir. 2010).

## III.   DISCUSSION

The Court finds that Serine has not suffered prejudice due to Defendant's conduct thus far and Defendant has therefore not waived its right to arbitrate. The Court analyzes the *Hoxworth* factors as follows.

The first factor is the timeliness of the motion to arbitrate. Here, Defendant waited nine and a half months from the filing of the Complaint to file this motion. This is only slightly less than the ten-month delays weighing in favor of waiver in *In re Pharmacy Benefit Managers Antitrust Litigation* (*PBM*), 700 F.3d 109, 118 (3d Cir. 2012) and *Gray Holdco*, 654 F.3d at 454. *See also Nino*, 609 F.3d at 210 (finding waiver with a fifteen month delay); *Hoxworth*, 980 F.3d at 925 (finding waiver with an eleven month delay). It is also more than the two- or fewer-month delays that weighed against waiver in *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 598 (3d Cir. 2004), *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1069 (3d Cir. 1995), and *Wood v. Prudential Insurance Company of America*, 207 F.3d 674, 680 (3d Cir. 2000). Serine argues strenuously that nine and a half months is far too long in light of this precedent.

Unlike in *PBM*, *Gray Holdco*, *Nino*, and *Hoxworth*, however, Defendant here offers some plausible explanation for its delay. Defendant claims that it waited until Dougherty was dismissed from the case, because he was not subject to the mandatory arbitration clause. Defendant claims that the *Hoxworth* "timeliness" factor should therefore be calculated from the time Dougherty was dismissed and not from the filing of the Complaint. Shortly after this

Court's decision to dismiss Dougherty, Defendant filed its Answer. The Answer raised the arbitration clause as an affirmative defense. Defendant also attempted to make arrangements with Plaintiff's counsel to attend arbitration at this point. Defendant further claims—and Serine does not contest—that the delay between Dougherty's dismissal and Defendant's filing of this motion to compel is largely due to Serine's counsel's failure to respond to Defendant's informal inquiries about arbitration.

The Court finds no support in the caselaw for measuring timeliness from anything other than the filing of the Complaint. However, the Court concludes that Defendant has provided a plausible explanation for most of the nine and a half months that elapsed between the Complaint and this motion. That is sufficient to distinguish this case from the insufficiently-explained delays in *PBM*, *Gray Holdco*, *Nino*, and *Hoxworth*. On balance, the Court finds that a nine and a half month delay weighs slightly in favor of finding waiver, but much less so than it would if it were unexplained.

The second *Hoxworth* factor is the extent to which the party seeking arbitration has contested the merits of the case. Here, Defendant filed one motion to dismiss—and waited for the Court to issue its ruling dismissing Dougherty—before filing this motion to compel. Defendant's motion to dismiss tested the sufficiency of Plaintiff's entire Complaint. The motion to dismiss was only fifteen pages, however, and stayed within the four corners of the Complaint, not seeking to attach any further evidence or exhibits. The parties did not request, and the Court did not hold, any oral argument or hearings on the matter.

For this factor, too, Defendant's actions straddle the acceptable line of conduct for finding waiver or no waiver. The Third Circuit has found in the past that a single merits-based motion to dismiss did not waive a right to arbitration, reasoning: "[W]e do not understand how

5

[the plaintiff] could be prejudiced by the Court's having decided [to dismiss one claim and keep another]. For this decision to be prejudicial, we would have to presume that an arbitrator would have decided the merits of the claim differently—a presumption we cannot make." *Wood*, 207 F.3d at 680. Other cases in which the Third Circuit found waiver include one in which the parties litigated a full motion for summary judgment, *Ehleiter*, 482 F.3d at 223; one with a motion to dismiss for failure to state a claim as well as an opposition to a motion for class certification, *Hoxworth*, 980 F.2d at 925-26; and one with a lengthy motion to dismiss followed by a motion for reconsideration, with both motions raising significant issues outside the scope of the pleadings, *PBM*, 700 F.3d at 118. On balance, the second *Hoxworth* factor weighs slightly against finding waiver in this case, as Defendant's single motion to dismiss was relatively restrained in comparison to other cases finding waiver.

The third factor is whether Defendant informed Plaintiff of its intent to seek arbitration prior to filing the motion to compel. In many cases in which a court has found waiver, the party seeking arbitration communicated nothing about arbitration to its opponent prior to filing a motion to compel. *E.g.*, *PBM*, 700 F.3d at 118-19; *Ehleiter*, 482 F.3d at 210-11; *Gray Holdco*, 654 F.3d at 457. In those cases, the party seeking arbitration typically raised the issue of arbitration in some manner—either formally, in a court filing such as an answer, or informally, for instance in discussions with the opposing party—prior to filing a motion to compel. *E.g.*, *Palcko*, 372 F.3d at 598; *PaineWebber*, 61 F.3d at 1065; *Wood*, 207 F.3d at 680.

Here, Defendant raised arbitration as one of its affirmative defenses in its Answer. Defendant also contacted opposing counsel multiple times to discuss scheduling arbitration after filing its Answer and, on request, sent opposing counsel a copy of the arbitration clause. Defendant claims—and Plaintiff does not dispute—that Plaintiff's counsel was essentially

6

unresponsive to Defendant's repeated inquiries. Plaintiff's argument centers on the fact that Defendant did not raise the issue of arbitration until after this Court's decision on the motion to dismiss, when Defendant filed its Answer. However, this argument is actually a restatement of Plaintiff's argument as to timeliness under the second *Hoxworth* factor. It does not address the third factor—communication between the parties—at all. The Court finds this factor to weigh against finding waiver.

The fourth factor is the extent to which the party seeking arbitration engaged in non-merits motion practice. There has been virtually no non-merits motion practice in this case. Defendant has filed one notice of appearance for each of its two litigators and a single Praecipe to Attach the exhibit that it initially forgot to attach to its Motion to Compel. None of these basic procedures were contested, nor were they frivolous or unnecessary. They are certainly less than the non-merits motion practice in certain cases in which courts have found waiver. *See Nino*, 609 F.3d at 212; *Hoxworth*, 980 F.2d at 925-26. At the "low end" of non-merits practice in cases finding waiver is *PBM*, in which the party seeking arbitration filed a motion for certification of an interlocutory appeal, seeking relief not available in to it in arbitration. 700 F.3d at 119. Defendant's non-merits practice certainly does not rise to this level. The Court finds this factor weighs against waiver.

The fifth factor is Defendant's acquiescence to the Court's pretrial orders. The Court has only entered one pretrial order so far in this case, setting the date for the Rule 16 scheduling conference. Defendant filed its motion to compel after the Court's order, but before the conference itself. Defendant subsequently participated in the conference, at which the parties discussed their dispute as to Defendant's motion. Defendant's conduct regarding the Rule 16 order and conference is substantially different from cases in which this factor was found to favor

waiver. In many cases finding waiver, for instance, the party seeking arbitration attended between three and ten pretrial conferences without objection and without raising the issue of arbitration. *Gray Holdco*, 654 F.3d at 459-60; *Hoxworth*, 980 F.2d at 925; *Nino*, 609 F.3d at 212. On the other end of the spectrum, cases finding no waiver often involved no acquiescence to pretrial orders, simply because they were not litigated long enough. *PaineWebber*, 61 F.3d at 1065; *Gavlik*, 526 F.2d at 783-84. In this case, Defendant filed its motion to compel in time to discuss the issue at the conference with the Court, effectively objecting to any further progression towards trial. The Court finds this factor to weigh against waiver.

The sixth factor is the extent to which the parties have engaged in discovery. Defendant has not served any discovery requests. Plaintiff claims that she began to prepare discovery, but "only held off in light of Marshall Dennehey's belated advice of its intent to insist upon arbitration." (Pl.'s Mem. at 10.) According to Defendant, Plaintiff in fact did serve written discovery requests on Defendant, but not until more than a week after Defendant filed its Motion to Compel. (Reply Br. at 9.) Cases finding no waiver tend to have no discovery. *Palcko*, 372 F.3d at 598; *PaineWebber*, 61 F.3d at 1096; *Wood*, 207 F.3d at 680. *But see PBM*, 700 F.3d at 120 (finding waiver, where lack of discovery was the only factor weighing against waiver). Cases finding waiver tend to have had significant exchanges of discovery from both sides— including multiple depositions, interrogatories, document requests and exchanges, and/or discovery-related motion practice—prior to the attempt to compel arbitration. *Nino*, 609 F.3d at 213; *Ehleiter*, 482 F.3d at 224; *Hoxworth*, 980 F.2d at 925-26; *Gray Holdco*, 654 F.3d at 460. In this case, Plaintiff's insistence that she began to prepare her discovery, and service of written requests well after Defendant notified her of its intent to seek arbitration, rings hollow at best. This factor weighs heavily against finding waiver.

8

In sum, Defendant has not waived its right to compel arbitration. Although it fully litigated a single motion to dismiss prior to raising the issue of arbitration, Defendant gave a plausible reason for pursuing that motion prior to raising the issue of arbitration and did not waste excessive time or resources in doing so. Defendant's conduct since the Court's decision on that motion has been fully consistent with an intent to arbitrate in a timely manner, including informal attempts to discuss arbitration with Plaintiff prior to filing the motion to compel and an abstention from the rest of the litigation and discovery process while pursuing its goal of arbitration. Plaintiff has not been prejudiced by Defendant's conduct.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to compel arbitration and stays proceedings in this case. An Order consistent with this Memorandum will be docketed separately.